# 99 DTA 181

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGÜEZ**
**PANEL I**

EDWIN RAMIREZ RODRÍGUEZ
Apelante

v.

ADMINISTRACION DE CORRECCIÓN
Apelado

Núm. KLAN-98-01182

San Juan, Puerto Rico, a 19 de mayo de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

Se recurre, mediante el presente recurso de apelación, de una sentencia emitida el 10 de agosto de 1998 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante el Tribunal), en la cual se declaró Sin Lugar una Solicitud de Sentencia Declaratoria presentada por el Señor Edwin Ramírez Rodríguez (en adelante Ramírez).

Inconforme con tal determinación, Ramírez presentó, el 30 de octubre de 1998, el presente recurso de apelación.

## II

Ramírez es un confinado que cumple noventa y nueve (99) años de prisión por el delito de asesinato en primer grado, seis (6) años por tentativa de fuga y seis (6) años por tentativa de asesinato para un total de una sentencia de ciento once (111) años. Ramírez fue sentenciado el 18 de noviembre de 1982.

Ramírez presentó un *Mandamus* ante el Tribunal, caso número AMI98-0073, en el cual figuraba como demandada la Administración de Corrección, (en adelante Corrección).

Ramírez solicitó que se redujera su sentencia conforme las disposiciones de la Ley Número 116 del 22 de julio de 1974, 4 L.P.R.A. 1101 *et. seq.*, que provee para bonificación por buena conducta y asiduidad. Ap. 19, inciso 2.

Luego de examinada la Petición de *Mandamus*, el Tribunal asignó representación legal a Ramírez y señaló vista para el 17 de marzo de 1998, a las 10:00 a.m.

El 17 de marzo de 1998, el Tribunal celebró vista; escuchados los planteamientos de las partes, les solicitó una relación y estipulación de hechos, presentar escrito de Sentencia Sumaria y le concedió al representante legal de Ramírez treinta (30) días para replicar. Una vez transcurrido el término y radicado los escritos, el caso pasaría a despacho para el Tribunal resolver.

El 10 de agosto de 1998, el Tribunal dictó Sentencia Sumaria; en la misma hizo constar que no podía concluir que Corrección violara los derechos de Ramírez. Que de la prueba estipulada por las partes surgía que a Ramírez se le hicieron los abonos a que tenía derecho conforme al Artículo 16 de la Ley 116 de 1974 (*supra*), por la suma total de cuarenta y ocho (48) años, restándole cumplir sesenta y dos (62) años. Los referidos abonos son los que se le concedieron en base a la Ley antes mencionada.

El Tribunal declaró No Ha Lugar la demanda de Sentencia Declaratoria radicada por Ramírez. Inconforme con la Sentencia, Ramírez recurre ante este foro.

## III

Ramírez hace los siguientes señalamientos de error:

"A. Erró el Honorable Tribunal de Instancia al dictaminar que la bonificación provista por el Artículo 16 de la Ley Núm. 116 de 22 de julio de 1974 no es acreditable al mínimo de la sentencia del Apelante Ramírez Rodríguez.

B. Erró el Honorable Tribunal de Instancia al resolver que el mínimo de la sentencia del Apelante Ramírez Rodríguez no es bonificable debido al Artículo 3(a) de la Ley Núm. 118 de 22 de julio de 1974, según enmendada.

C. Erró el Honorable Tribunal al resolver que no admiten reducción los años naturales requeridos para que la Junta de Libertad Bajo Palabra adquiera jurisdicción sobre sentenciados por noventa y nueve (99) años, previo a las enmiendas del 1989."

## IV

Por los fundamentos que exponemos a continuación, se confirma la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, de 10 de agosto de 1998.

## V

El Artículo 16 de la Ley Núm. 116 de 22 de julio de 1974, 4 L.P.R.A. 1101 *et seq.*, que provee para bonificación por buena conducta reza y citamos:

*"Toda persona sentenciada a cumplir término de reclusión en cualquier institución, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate:*

*(a) Por una sentencia de más de un (1) año, cinco (5) días en cada mes;*

*(b) Por una sentencia de más de un (1) año y menos de tres (3) años, seis (6) días en cada mes;*

*(c) Por una sentencia de no menos de tres (3) años y menos de cinco (5) años, siete (7) días en cada mes;*

*d) Por una sentencia de no menos de cinco (5) años y menos de diez (10) años, ocho (8) días en cada mes;*

*(e) Por una sentencia de no menos de diez (10) años y menos de quince (15) años, diez (10) días en cada mes;*

*(f) Por una sentencia de no menos de quince (15) años y menos de treinta (30) años, once (11) días en cada mes;*

*(g) Por una sentencia de no menos de veinte (20) años y menos de treinta (30) años, once (11) días en cada mes;*

*(h) Por una sentencia de treinta (30) años o más, trece (13) días en cada mes."*

Dicha rebaja se hará por el mes natural y si la sentencia contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonará un (1) día por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

La deducción por buena conducta y asiduidad podrá hacerse durante el tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público, de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.

De un estudio a la antes mencionada Ley 116, no surge de ella que excluya a convictos con una sentencia de noventa y nueve (99) años o cadena perpetua. Ahora bien, el Artículo 17 de dicha Ley sí excluye a dichos convictos; en dicho artículo, se nos habla sobre abonos por días de trabajo o estudio. Cabe señalar que la Ley Núm. 27 del 20 de julio de 1989, en su Artículo 16, sí excluyó a los sentenciados a noventa y nueve (99) años de los abonos que permitía la Ley de 1974 y dejó vigente la exclusión que ya existía en el Artículo 17 de la citada Ley 116 de 1974. Dicho artículo 16 reza:

*"Se excluye de los abonos que establece este artículo toda convicción que apareje pena de reclusión de noventa y nueve años, toda convicción que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual conforme establecen los incisos (b) y (c) del Artículo 62 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, la convicción impuesta en defecto del pago de una multa o aquella que deba cumplirse en años naturales."*

En ningún momento, Corrección excluyó al confinado Sr. Ramírez de su derecho a los abonos que tenía bajo el Artículo 16 de la Ley de 1974; de haberlo hecho, hubiere violentado los derechos adquiridos por él al momento en que fue sentenciado allá para el 18 de noviembre de 1982.

De una lectura a la sentencia sumaria dictada por el Tribunal, el Juez Sentenciador expresó y citamos:

*"Sin embargo, en el presente caso no podemos concluir que la Administración de Corrección haya violado los derechos del Sr. Edwin Ramírez Rodríguez, sino todo lo contrario. Como vimos, de la prueba estipulada por las partes surge que ya al señor Ramírez Rodríguez se le hicieron los abonos a que tiene derecho conforme al Artículo 16 de la Ley 116 de 1974, antes citada, por la suma total de cuarenta ocho (48) años, restándole por cumplir sesenta y dos (62) años. Los referidos abonos 48 [sic] años son los que precisamente se le concedieron a tenor con lo establecido en la Ley Núm. 116 del 22 de julio de 1974. De otra parte, como señalamos anteriormente, es a partir de la Ley Núm. 27 del 1989, que a los sentenciados a cumplir noventa y nueve (99) años de cárcel, no se les conceden dichos abonos."*

Por otro lado, nos resta resolver si el Sr. Edwin Ramírez Rodríguez puede tener derecho a otras bonificaciones. Veamos: En relación al Artículo 17, antes citado, sobre las bonificaciones por días de trabajo o estudio, vimos que las personas sentenciadas a cumplir noventa y nueve (99) años de cárcel ya estaban excluidas, tanto en la Ley Núm. 116, antes citada, como en la enmienda que se le hiciera a la misma mediante la Ley Núm. 27 de 1989. Por tal razón, es forzoso concluir que en este caso el demandante no tiene derecho a los mismos.

Véase Exhibit 2, páginas 36 y 37 del presente caso de marras.

## VI

Por último, Ramírez señala que erró el Tribunal al resolver que no admiten reducción los años naturales requeridos para que la Junta de Libertad Bajo Palabra adquiera jurisdicción sobre sentenciados por noventa y nueve años (99), previo a las enmiendas del 1989. No le asiste la razón.

La Ley del 22 de julio de 1974 conocida como Ley de la Libertad Bajo Palabra, 4 L.P.R.A. 1503 *et. seq.*, 1503 (a), dispone que dicha Junta adquirirá jurisdicción cuando la persona haya cumplido veinticinco (25) años naturales, en casos de personas que hayan sido convictas por asesinato en primer grado; ese es el caso del Sr. Ramírez.

De un estudio a las mociones y documentos radicados en el caso de marras no surge que el Sr. Ramírez haya solicitado libertad bajo palabra y que dicha Junta se la haya negado. El Sr. Ramírez, como mínimo, tiene que cumplir veinticinco (25) años naturales para que la Junta tenga autoridad para actuar en su caso.

No cometidos los errores señalados por el Tribunal, se confirma la Sentencia Sumaria de fecha 10 de agosto de 1998 emitida por el Tribunal de Primera instancia, Sala Superior de Aguadilla.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General